This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39473**

**JACOB HINOJOS,**

Plaintiff-Appellant,

v.

**VICTOR F. POULOS, as Personal Representative of the ESTATE OF ROBERT H. KERN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Jacob Hinojos
El Paso, TX

Pro Se Appellant

Poulos & Coates LLP
Greig Coates
Las Cruces, NM

for Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff appeals the dismissal of his complaint. In this Court's notice of proposed disposition, we proposed to summarily affirm. [CN 1] Plaintiff filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Remaining unpersuaded, we deny Plaintiff's motion to amend the docketing statement because the issues raised are not viable, and affirm. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (indicating that we deny motions to

amend the docketing statement if the issues that the appellant is seeking to raise are not viable).

**{2}** In his memorandum in opposition, Plaintiff maintains that dismissal was not proper because he is attempting to sue Defendant in his individual capacity—despite the clear statement in the complaint that Defendant is being sued as the personal representative on behalf of the Estate of Robert H. Kern—and thus principles of res judicata do not bar the filing of his complaint. [MIO 2-3] Plaintiff, however, has not asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We, therefore, refer Plaintiff to our analysis therein.

**{3}** To the extent that Plaintiff now argues that his claim for emotional distress was not brought in the prior suit and thus is not subject to dismissal under principles of res judicata, we disagree. *See Sandel v. Sandel*, 2020-NMCA-025, ¶ 15, 463 P.3d 510 ("Claims present the same 'cause of action' for purposes of res judicata if they arise out of the same transaction, or series of connected transactions." (alteration, internal quotation marks, and citation omitted)). Additionally, Plaintiff appears to argue that he was inappropriately denied discovery on his claims. [MIO 3] It is well settled, however, that a motion to dismiss tests the legal sufficiency of the complaint and a complaint that is properly dismissed on its face does not warrant a period of discovery. *See Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 4, 142 N.M. 437, 166 P.3d 1091 ("A motion to dismiss tests the legal sufficiency of the complaint.").

**{4}** To the extent Plaintiff seeks to add an issue regarding inadequate notice of the costs and attorney fees ordered against him as sanctions, this issue is undeveloped and lacks supporting authority, and we decline to address it further. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Additionally, Plaintiff attempts to add an "issue" to the docketing statement, claiming he is entitled to appeal costs upon prevailing in the appeal. [MIO 4] Nonetheless, any such issue is not viable because Plaintiff is not the prevailing party in this appeal. *See* Rule 12-403(A) NMRA ("[T]he appellate court may, in its discretion, award costs to the prevailing party on request."); *Fort Knox Self Storage, Inc. v. W. Techs., Inc.*, 2006-NMCA-096, ¶ 34, 140 N.M. 233, 142 P.3d 1 ("Under New Mexico law, at the end of the entire action, the prevailing party is the party who wins on the merits or on the main issue of the case." (internal quotation marks and citation omitted)); *Munoz*, 1990-NMCA-109, ¶ 19.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**